The document below is hereby signed.

Signed: August 21, 2019



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNTIED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JAUN RAMON DIAZ, | ) | Case No. 19-00543 |
| | ) | (Chapter 13) |
| Debtor, | ) | |
| | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING
REQUEST TO TEMPORARILY WAIVE REQUIREMENT TO FILE
<u>CERTIFICATE OF CREDIT COUNSELING AND DISMISSING THE CASE</u>

The debtor, Juan Ramon Diaz, has filed a *Praecipe* (Dkt. No. 6) wherein he is seeking a temporary exemption from obtaining prepetition credit counseling. For the reasons stated below, the debtor's request will be denied, and the case will be dismissed.

I

The debtor initiated this case by the filing of a voluntary petition under chapter 13 of the Bankruptcy Code on August 13, 2019, to stay a foreclosure auction to be held "in two days." The debtor states that his attempts to complete the required counseling were "unsuccessful due to the emergency of my particular situation."

Under 11 U.S.C. § 109(h)(1), a person may not be a debtor if

that person has not received a certificate of credit counseling within 180 days prior to the filing of a case in bankruptcy. Under 11 U.S.C. § 109(h)(3)(A), a debtor may be temporarily exempted from obtaining credit counseling if the debtor:

> submits to the court a certificate that—
>
> (i)   describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
>
> (ii)  states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 7-day period beginning on the date on which the debtor made the request; and
>
> (iii) is satisfactory to the court.

The debtor does not qualify for a temporary exemption from the requirement of obtaining credit counseling. Even if the debtor's foreclosure sale was an exigent circumstance,[1] the debtor here is not entitled to a temporary waiver. The debtor has not shown that he was unable to obtain credit counseling

---

[1] Courts are not in agreement whether an extremely imminent foreclosure sale may be considered an exigent circumstance. *Compare In re Rodriguez*, 336 B.R. 462, 474–475 (Bankr. Idaho 2005) (holding that filing a petition on the eve of foreclosure was not an exigent circumstance because "[foreclosures do not come without a good deal of advance notice . . . nonbankruptcy law has myriad procedural protections for debtors providing advance notice of what might occur and when"), *with In re Cleaver*, 333 B.R. 430, 435 (Bankr. S.D. Ohio 2005) (holding imminent foreclosure was an exigent circumstance because "the common reality is that many debtors file at the last minute just before a foreclosure sale . . . [f]urthermore, it is difficult to conceive of an exigent circumstances related to bankruptcy that would not involve impending creditor action").

within the 7-day period after making a request for credit counseling, and his request for a waiver is not satisfactory to the court.

The debtor's petition instructed him:

> To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Credit counseling generally can be obtained within a day or two after requesting it, and the debtor has not identified a credit counseling agency to whom he made a request, and has not explained why the credit counseling agency was unable to provide such counseling within seven days.  All that the debtor does say is his attempts were "unsuccessful due to the emergency of my particular situation," but the court cannot determine whether that means the debtor requested and was unable to obtain credit counseling within seven days of requesting it, or in time to prevent the foreclosure sale.  If the debtor was able to obtain credit counseling within seven days of requesting it, but not in time to stop the foreclosure, the debtor would still not qualify for the exception.  The law requires that the counseling be unavailable within 7-days of requesting it, not before the exigent circumstance.  Under these circumstances, the debtor's *Praecipe* is not a certificate satisfactory to the court.  *See In re Rodriguez*, 336 B.R. 462, 474 (Bankr. D. Idaho 2005)

3

(certificate was unsatisfactory in failing to provide any detail of facts pertinent to requesting credit counseling and being unable to obtain it within the specified statutory period). Thus, under § 109(h)(3)(A)(iii), the debtor is not entitled to a temporary waiver.

Accordingly, the debtor does not qualify for a temporary exemption from obtaining credit counseling and therefore is ineligible under 11 U.S.C. § 109(h)(1) to be a debtor. The case must be dismissed.

## II

For aforesaid reasons, it is

ORDERED that the debtor's *Praecipe* (Dkt No. 6) is DENIED. It is further

ORDERED that the above-captioned case is DISMISSED.

[Signed and dated above.]

Copies to: Debtor; e-recipients of filings; all entities on BNC mailing list.